# SUMMONS ISSUED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 23 2011 ★

**BROOKLYN OFFICE**

| | |
|---|---|
| YVONNE POBLOCKI | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| NATIONAL ENTERPRISE | ) |
| SYSTEMS, INC. (NES) | ) |
| & | ) |
| | ) |
| BANK OF AMERICA, N.A. | ) |
| | ) |
| **Defendants** | ) |

**Case Number**

**CIVIL COMPLAINT**

**CV 11 - 2489**

**JURY TRIAL DEMANDED**

*JOHNSON, J*

*REYES, M.J*

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Yvonne Poblocki, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.      Plaintiff, Yvonne Poblocki, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Bank of America for Breach of Contract and violations of New York General Business Law §349, and Defendant, National Enterprise Systems, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as violations of  New York General Business Law §349, and also Breach of Contract.

## II. **JURISDICTION**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

## III. **PARTIES**

4.      Plaintiff, Yvonne Poblocki, is an adult natural person residing at 62 Second Avenue, New Hyde Park, New York, NY 11040. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, National Enterprise Systems, Inc. ("Defendant, NES"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a location at 116 Pine St., Suite 320 Harrisburg, PA 17101 and a principal place of business located at 29125 Solon Rd., Solon, OH 44139.

6.      Defendant, Bank of America, NA, ("Defendant, Bank of America"), is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. They are also engaged in the business of collection on said credit cards in the State of New York with a principal place of business located at 99 Founders Plaza, East Hartford, CT 06108.

7.      Defendants, both of them, are engaged in the collection of debts from consumers using the telephone and mail. Defendant, NES, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. <u>FACTUAL ALLEGATIONS</u>

8.      On or about December 2, 2010, Plaintiff along with assistance from her personal legal counsel entered into a settlement arrangement with Defendant, NES, on a debt allegedly owed to Defendant, Bank of America.

9.      Defendant, NES, stated that their client, Defendant, Bank of America, had authorized Defendant, NES, to accept $388.44 from the Plaintiff as settlement on the original balance of $1,942.14. **See "EXHIBIT A" (settlement letter) attached hereto.**

10.     Plaintiff agreed to make four (4) payments to Defendant, NES, in the amount of $97.11 each until balance was paid in full.

11.     Plaintiff's first payment was due on or before December 30, 2010.

12.     On or about December 24, 2010, Plaintiff along with the aid of her personal attorney issued the first check in the amount of $97.11 to the Defendant, NES, as required by the settlement agreement.

13.     Defendant, NES, accepted and deposited said check.

14.     Defendant, NES, did not return funds to the Plaintiff.

15.     Plaintiff issued the three (3) remaining checks to Defendant, NES, on time as agreed.

16.     Defendant, NES, accepted and deposited all payments.

17.     Defendant, NES, did not return said funds to the Plaintiff.

18.     On or about March 30, 2011, Plaintiff received notice from Defendant, NES, informing her that Defendant, NES, was no longer servicing the above referenced account. **See "EXHIBIT B" (notice) attached hereto.**

19.     Defendant, NES, stated that they forwarded Plaintiff's payments to Defendant, Bank of America.

20.     Defendant, Bank of America, is now attempting to collect the full balance owed on this account.

21.     It appears that Defendants, NES, and Bank of America, have failed to honor the settlement agreement that was promised and in place with the Plaintiff at no fault of the Plaintiff's.

22.     The Defendants, NES, and Bank of America, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

23.     The Defendants, NES, and Bank of America, acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

24.     The Defendant, NES, knew or should have known that their actions violated the FDCPA.     Additionally, Defendant, NES, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25.     At all times pertinent hereto, Defendant, NES, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, NES, herein.

26.     At all times pertinent hereto, the conduct of Defendant, NES, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.     As a result of Defendant, NES's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I - FDCPA

### Plaintiff v. National Enterprise System, Inc.

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant, NES, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, National Enterprise Systems, Inc. for the following:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.    Such additional and further relief as may be appropriate or that the interests of justice require.

<u>**COUNT II**</u>

<u>**Violations of New York General Business Law §349**</u>

<u>**Plaintiff v. NES & Bank of America**</u>

31.    Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

32.    Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

33.    GBL §349 provides in relevant part as follows:

(a)    Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h)     In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

34.     As a direct and proximate result of Defendants, NES, and Bank of America's, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendants, NES, and Bank of America.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, NES, and Bank of America, and Order the following relief:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT III

## BREACH OF CONTRACT

### Plaintiff v. NES & Bank of America

35.      The above paragraphs are hereby incorporated herein by reference.

36.      The facts set forth herein establish that there was a contractual relationship

between the parties, whereby the Defendants, NES, and Bank of America, promised to

the Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff

accepted the invitation that was offered and agreed to participate in the settlement.

37.      Plaintiff fulfilled his contractual obligation by making timely payments.

38.      Defendants, NES and Bank of America, failed to abide by the contract

terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendants, NES and Bank of America, for the following:

a.      Actual damages;

b.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  May 3, 2011

BY: _____

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800    Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff

EXHIBIT "A"

To    Page 4 of 6
DRP  12/02/010 10 26 AM  R  12/02/010 10 10 AM

2010-12-03 10 06:06 EST

1410808280D7  From  Fris Maxwell

DEC  2  2011 12:14 PM      VER

In 4008    2  2 1

NATIONAL ENTERPRISE SYSTEMS
Professional Debt Collectors
29125 Solon Road
Solon, OH 44139-3442

December 2, 2010

RE: BANK OF AMERICA
For: 5490500039766212
Date of Referral: 11/02/2010
Date of Service: 10/20/1999

YVONNE M POBLOCK19978560
62 2ND AVE
GARDEN CITY P, NY 11040-5051

Please contact: (800) 925-0137

Total Amount Due: $  1,942.14

We have been authorized by our client to accept $388.44 as settlement in full for your BANK OF
AMERICA account $97.11 12/30 1/31 2/28 and 3/31/2011. Payments for settlement have to be within
thirty-one (31) day period or the settlement is null and void. Please contact this office if you would like
to discuss this offer.

Bank of America may be required by law to report this settlement to one or more taxing authorities. The
Bank makes no representation about tax consequences this may have or any reporting requirements that
may be imposed on the Bank. You should consult independent tax counsel of your own choosing if you
desire advice about any tax consequences which may result from this settlement.

This communication is from a debt collector. This is an attempt to collect a debt and any information
obtained will be used for that purpose.

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

EXHIBIT "B"

ᴵ ᴵ ᴐ∪ᴉ∪ᴉ∪ ᴐᴣ

DRP 4/4/2011 8:32 AM M

**NATIONAL ENTERPRISE SYSTEMS**
**Professional Debt Collectors**
**29125 Solon Road**
**Solon, OH 44139-3442**

March 30, 2011

YVONNE M POBLOCKI 9978560
62 2ND AVE
GARDEN CITY P. NY 11040-5051

RE: BANK OF AMERICA
For:(54)***********6212
Date of Referral: 11/02/2010
Date of Service: 10/20/1999

Please contact: (800) 973-0600

Total Amount Due: $  1,747.92

This is to advise you that the account referenced above is no longer being serviced by National Enterprise Systems. We have forwarded your payment to the address below. Please mail all future payments to:

**BANK OF AMERICA**

**P.O. BOX 15019**
**WILMINGTON, DE 198865019**

Please reference the information above when remitting your payment.

Very Truly Yours,

National Enterprise Systems
Professional Debt Collectors

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

?aleeded